UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEPHEN PATTERSON, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-6371** |
| **MARLIN GUSMAN, ORLEANS PARISH CRIMINAL SHERIFF** | **SECTION: "J"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Stephen Patterson, Jr., filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin Gusman. Plaintiff seeks $200,000 in monetary damages.

A Spears hearing was held on March 22, 2006, to allow plaintiff a meaningful opportunity to advise the Court of the nature and factual basis of his claims. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).[1]  At that hearing, plaintiff was sworn and his testimony was recorded. Based

---

[1] "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

on his complaint and his Spears hearing testimony, the Court finds that plaintiff is making the following allegations in support of his claims.

In his complaint, plaintiff alleges that, while incarcerated within the Orleans Parish Prison system at the Templeman 1 medical unit, he was "hastily and randomly evacuated in an un-co-ordinated, and chaotic manner" in the aftermath of Hurricane Katrina. He states that despite the mandatory evacuation of the City of New Orleans ordered by the mayor prior to the hurricane's landfall, he and other inmates were not evacuated for "two to three days." During that time, he was held without food and water, and flood waters were at times chest-high. During the evacuation, he had to wade through contaminated water. He claims that Sheriff Gusman acted wantonly and negligently, effectively abandoning the jail inmates "in the face of a compelling natural disaster." At the Spears hearing, plaintiff testified that during the period prior to the evacuation he also was not given his medication.[2]

Plaintiff was asked at the Spears hearing what injuries he sustained in connection with all of his claims. Plaintiff testified that the frightening experience caused a recurrence of a preexisting problem with mental depression and that he has trouble sleeping, especially when it rains.

At the time plaintiff filed this lawsuit, he was a prisoner detained at the Winn Correctional Center. The Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

---

[2] He testified that he has diabetes.

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[3]

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit,[4] federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of the complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge

---

[3] Plaintiff has since been released. Rec. Doc. 7. However, because he was incarcerated when the action was filed, he remains subject to § 1915A despite his subsequent release. Johnson v. Hill, 965 F. Supp. 1487, 1488 n.2 (E.D. Va. 1997); see also Brown v. Jacobson, 98-CIV-0565-LBS, 1999 WL 1125122, at *5 (S.D.N.Y. Dec. 8, 1999).

[4] See Rec. Docs. 2 and 3.

No. 153, 23 F.3d 94, 97 (5th Cir. 1994).  Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Broadly reading plaintiff's complaint[5] and fully considering his Spears hearing testimony, the Court finds that plaintiff's complaint lacks any arguable basis in law and should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

As a preliminary matter, plaintiff's complaint indicates that he is proceeding at least in part under a theory that Gusman acted negligently.  However, claims brought under 42 U.S.C. § 1983 cannot be founded on mere negligence.  Eason v. Thaler, 73 F.3d 1322, 1329 n.3 (5th Cir. 1996) ("[N]egligence is not a theory for which liability may be imposed under section 1983."); see also Baker v. McCollan, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."); Nesmith v. Taylor, 715 F.2d 194, 195 (5th Cir. 1983) ("It is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.").

Moreover, to the extent that plaintiff is asserting a constitutional claim, it would be a failure-to-protect claim.  However, any such claim would be frivolous for the following reasons.

"To prevail on a section 1983 failure to protect claim, the prisoner must demonstrate that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection."  Jones v. Greninger, 188 F.3d 322, 326 (5th

---

[5] The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

Cir. 1999) (internal quotation marks omitted). Regarding the deliberate indifference requirement, the United States Fifth Circuit Court of Appeals has held:

> An official is deliberately indifferent when he knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Johnson v. Johnson, 385 F.3d 503, 524 (5th Cir. 2004) (quotation marks omitted). "[D]eliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." Thompson v. Upshur County, Texas, 245 F.3d 447, 459 (5th Cir. 2001). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

Any allegation that Gusman acted with deliberate indifference is wholly without merit. Hurricane Katrina was a disaster on a scale that the City of New Orleans has rarely, if ever, experienced. The resultant flooding, which led to the conditions about which plaintiff complains, was caused by breaches in the levee system apparently unanticipated by even experts in such matters. Plaintiff simply cannot show that Sheriff Gusman was aware of facts from which he inferred that the hurricane posed a substantial risk of serious harm to inmates remaining in the jail and that he then intentionally chose to disregard that risk.

Additionally, even if plaintiff could demonstrate deliberate indifference, his claim would still be barred by federal law. Plaintiff testified at the Spears hearing that he experienced only mental and emotional harm resulting from the fear he experienced during the undeniably traumatic event. However, federal law provides: "No Federal civil action may be brought by a prisoner confined in

a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).[6] Feelings of fear and anxiety do not qualify as physical injuries under § 1997e(e). Herman v. Holiday, 238 F.3d 660, 665-66 (5th Cir. 2001).

Out of an abundance of caution, the Court notes that plaintiff also alleges that he was not given his medication in the turmoil caused by the hurricane. To the extent that those allegations perhaps could be construed as a claim that he was denied constitutionally adequate medical care, that claim would also be frivolous for the following reasons.

It is clearly established that the constitutional rights of an incarcerated person, whether he is a pretrial detainee or a convicted prisoner, may be violated if his serious medical needs are met with deliberate indifference on the part of penal authorities. See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001) (pretrial detainee); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999) (convicted prisoner). However, the United States Fifth Circuit Court of Appeals has held:

> Deliberate indifference is an extremely high standard to meet. ... [T]he plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. ... And, the failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks and citations omitted).

---

[6] Because plaintiff was incarcerated at the time he filed this lawsuit, § 1997e(e) would apply despite the fact that he was subsequently released. Harris v. Garner, 216 F.3d 970 (11th Cir. 2000).

Even if plaintiff's allegations are true, it is clear that his medical needs were not met with deliberate indifference.  At best, he was not given his medication for several days as a result of the hurricane.  Occasional missed doses of medication do not rise to the level of a constitutional violation.  See Williams v. Cearlock, 993 F. Supp. 1192, 1196 (C.D. Ill. 1998); see also West v. Millen, No. 02-4055, 2003 WL 22435692, at *3 (7th Cir. Oct. 9, 2003) (unpublished), cert. denied, 541 U.S. 944 (2004); Oden v. Conklin, No. 94-2504, 1995 WL 632467, at *1 (7th Cir. Oct. 25, 1995) (unpublished); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992); Boutte v. Bowers, No. 3:01-CV-1084-G, 2001 WL 1041761, at *3 (N.D. Tex. Aug. 30, 2001).  Moreover, it is clear that plaintiff's medication was not withheld intentionally or through the deliberate indifference of the prison authorities.  Rather, it was an unfortunate consequence, common to many, resulting from the chaos which reigned throughout the city at the time of the hurricane.  And, again, he has identified no "physical injury" as required by § 1997e(e).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-third day of March, 2006.

                                                        _____
                                                        **SALLY SHUSHAN**
                                                        **UNITED STATES MAGISTRATE JUDGE**